IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN WOODS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J. F. MAZURKIEWICZ, et al. | : | NO. 92-4917 |

## MEMORANDUM

**Padova, J.**                                                                                    **June 28, 2022**

Petitioner Carmen Woods has filed an "Motion for Leave of Court to File a Motion for 60(b)(6) Relief pursuant to F.R.Civ.P. Rule 60(b)(6)" (the "Rule 60(b) Motion"), in which he seeks relief from an Order dated March 16, 1993, denying his habeas petition pursuant to 28 U.S.C. § 2254.[1]  Petitioner contends that we erred in denying his habeas claim that the state court had violated his due process rights on post-conviction review by refusing to consider a recantation affidavit of the chief prosecution witness.  Although Petitioner states that he is proceeding pursuant to Rule 60(b)(6), we also liberally construe his Motion to assert a claim pursuant to Rule 60(b)(3).  For the following reasons, we dismiss Petitioner's Rule 60(b) Motion as an unauthorized successive habeas petition insofar as it relies on Rule 60(b)(6) and deny it as untimely insofar as it ostensibly relies on Rule 60(b)(3).

---

[1] In Petitioner's Rule 60(b) Motion, he also asked that we grant him relief from two orders that the United States Court of Appeals for the Third Circuit entered denying Petitioner's applications pursuant to 28 U.S.C. § 2244 to file successive habeas petitions.   However, Petitioner subsequently filed a "Suppl[emental] Motion under Rule 60(b)(6) to Correct Defects in Initial 60(b)," in which he asks that we permit him to correct his Rule 60(b) Motion to clarify that it only seeks relief from our 1993 Order denying his § 2254 Petition.   We grant that Supplemental Motion insofar as it seeks this relief and thus, we consider the Rule 60(b) Motion to concern only our 1993 denial of his habeas petition.

## I.    BACKGROUND

In 1982, following a jury trial in the Philadelphia Court of Common Pleas, Petitioner was convicted of, inter alia, first degree murder in connection with the May 16, 1982 shooting death of Chester Laws, Jr., and aggravated assault in connection with the attempted shooting of Homer Lane two days later, on May 18, 1982.   At trial, Homer Lane testified as an eyewitness to the Laws murder, stating that Petitioner had fired the shot that killed Laws.   Petitioner was sentenced to life imprisonment for the murder and a consecutive term of five to ten years' imprisonment for the aggravated assault.

Petitioner exhausted his direct appeals and then, in 1988, filed a motion pursuant to the now-superceded Post Conviction Hearing Act ("PCHA"), 42 Pa. C.S.A. § 9541 et seq. (superseded),[2] in which he presented, among other things, an affidavit from Lane recanting his trial testimony and stating that he had falsely testified at trial that he had witnessed the shooting. After holding three days of hearings, the trial court denied Petitioner's PCHA motion insofar as it relied on Lane's recantation.   See Commonwealth v. Woods, No. 82061142, 1989 WL 1851441, at *1 (Phila. Ct. Comm. Pl. Apr. 12, 1989) (stating that the court held "3 fairly lengthy hearings to allow petitioner to produce . . . a recantation witness, Homer Lane, who would testify that he lied at trial.   This witness was never produced for the [PCHA] hearings even though this court was very tolerant of the many futile attempts made by petitioner." (citation omitted)).   The Superior Court affirmed that decision, and the Pennsylvania Supreme Court denied review. Commonwealth v. Woods, 575 A.2d 601, 603-04 (Pa Super. Ct. 1990), appeal denied, 608 A.2d 30 (Pa. 1992) (Table).

---

[2] "The PCHA was modified in part, repealed in part, and renamed the Post Conviction Relief Act ('PCRA'), 42 Pa. Cons. Stat. Ann. § 9541 et seq., effective April 13, 1988."   Terry v. Gillis, 93 F. Supp. 2d 603, 606 n.2 (E.D. Pa. 2000).

We dismissed the first habeas petition that Petitioner filed with this Court for failure to exhaust his state court remedies.  See Woods v. Brennan, Civ. A. No. 99-5240, 2001 WL 142 8343, at *1 (E.D. Pa. Nov. 9, 2001).   On August 22, 1992, Petitioner filed a second habeas petition (the one giving rise to the instant Rule 60(b) Motion), in which he argued, inter alia, that the state court had deprived him of due process by refusing to consider Lane's affidavit and grant him a new trial based on that affidavit.   In a Report and Recommendation ("R&R"), Magistrate Judge M. Faith Angell addressed Petitioner's claim regarding the recantation affidavit on the merits and "conclude[d] that the state court's decision to refuse to grant a new trial or to consider this affidavit does not constitute a denial of due process."  (R&R, Docket No. 13, at 11.)   As Judge Angell explained, "[t]he circumstances surrounding this affidavit, coupled with the fact that the PCHA court could not determine the credibility of Mr. Lane's testimony concerning this affidavit due to his failure to appear at the hearing . . . sufficiently support the state court's ruling and consequently, do not deny due process."  Id. at 11-13 (footnote and citation omitted).   In an Order dated March 16, 1993, we approved and adopted the R&R and denied Petitioner's habeas petition with prejudice.

Since we denied his second habeas petition in 1993, Petitioner has repeatedly sought additional relief from his conviction in both the state and federal courts.  See, e.g., Commonwealth v. Woods, No. 3444 EDA 2017, 2019 WL 6825956, at *1 (Pa. Super. Ct. 2019) (addressing Petitioner's sixth PCRA petition and recounting that he had previously "filed numerous rounds of [PCHA and PCRA] appeals predicated on either Lane's recantation . . . or on prior counsels' failure to call certain witnesses who could have impeached Lane's credibility" (quotation omitted)).   He filed a third, authorized habeas petition with this Court in 1999, in which he argued that the testimony of two newly identified witnesses would have impeached Lane's testimony and proven

his actual innocence.  Brennan, 2001 WL 1428343, at *1, 3.   We dismissed that petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244(d)(1), and added that, even assuming *arguendo* that there was an actual innocence exception to AEDPA's statute of limitations, the new evidence fell "well short" of establishing actual innocence.  Brennan, 2001 WL 1428343, at *1, 3.   Thereafter, between 2009 and 2021, Petitioner filed with the United States Court of Appeals for the Third Circuit four applications pursuant to 28 U.S.C. § 2244 for leave to file additional successive habeas petitions, and the Third Circuit denied all four applications.  See In re: Carmen Woods, Docket Nos. 09-1637, 13-2784, 20-1356, 21-2331 (3d Cir.).   Petitioner filed his current Rule 60(b) Motion on September 2, 2021, two weeks after the Third Circuit denied his most recent § 2244 application.  See Aug. 18, 2021 Order, In Re Carmen Woods, No. 21-2331 (3d Cir.).

## II.    LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances."  Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides, in relevant part, that relief from a judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(b)(6) has been interpreted narrowly as applying only in "extraordinary circumstances where, without such relief, an extreme or unexpected hardship would occur."  United States v. Doe, 810 F.3d 132, 152 (3d Cir. 2015) (quoting Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014)).  Such extraordinary circumstances "will rarely occur in the habeas context."  Gonzalez, 545 U.S. at 535.  "To prevail under Rule 60(b)(3), the movant must, by clear and convincing evidence, 'establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case.'"  United States v. Morgan, Crim. A. No. 12-23, 2018 WL 3618251, at *4 (E.D. Pa. July 27, 2018) (quoting Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983).

Operating in conjunction with Rule 60(b) in habeas cases is AEDPA, which governs the filing of habeas petitions.  While "AEDPA d[oes] not expressly circumscribe the operation of Rule 60(b)," Rule 60(b) "applies in habeas corpus proceedings under 28 U.S.C. § 2254 only to the extent that it is [consistent] with [AEDPA]."  Gonzalez, 545 U.S. at 529 (footnote omitted) (quotation and citations omitted).  Among AEDPA's requirements is the "second or successive rule," which forbids a prisoner from filing a second state habeas petition, after an earlier petition was dismissed with prejudice, unless he first obtains a certification from the appropriate court of appeals.  See 28 U.S.C. § 2244(b)(3)(A).  Accordingly, Rule 60(b) may not be used to "circumvent the requirement that a successive habeas petition be precertified by the court of appeals."  Gonzalez, 545 U.S. at 532.

The Supreme Court has directed that we must construe a Rule 60(b) motion as a successive habeas petition when it attacks "the substance of the federal court's resolution of a claim on the merits" or "present[s] new claims for relief from a state court's judgment of conviction." Gonzales, 545 U.S. at 531-32.  A resolution of a claim "on the merits" is a "determination that

there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."  Id. at 532 n.4.  Ultimately, we have no jurisdiction to review a Rule 60(b) motion under circumstances in which the Rule 60(b) Motion is, in substance, a successive habeas petition.  United States v. Donahue, 733 F. App'x 600, 602 (3d Cir. 2018) (stating that we have no jurisdiction to "consider [a] Rule 60 motion . . . if it [is] . . . an attempt to circumvent the requirements for filing a new [habeas] motion" (citation omitted)).

In contrast, "[i]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction," a Rule 60(b) motion may "be adjudicated on the merits."  Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).  Consequently, we may consider a Rule 60(b) motion when it "asserts that a previous ruling which precluded a merits decision was in error-for example a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" or when it asserts a "defect in the integrity of the federal habeas proceeding," such as "[f]raud on the federal habeas court."  Gonzalez, 545 U.S. at 532 & nn. 4-5.

At the same time, there are time limitations on Rule 60(b) motions.  Specifically, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c); see Gonzalez, 545 U.S. at 534-35 (observing that the "specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud)," i.e., those set forth in Rule 60(b)(1), (2), and (3), limits the "friction between [Rule 60(b)] and the successive-petition prohibitions of AEDPA").

### III.    DISCUSSION

Petitioner's Rule 60(b) Motion seeks relief from our March 16, 1993 denial of his 1992 habeas motion.   Specifically, Petitioner asks us to reopen his almost thirty-year-old habeas proceeding and reconsider our 1993 determination that the state court did not violate his due process rights by refusing to consider Lane's recantation affidavit.   In support of this request, he asserts that he discovered new exculpatory evidence in 2009 and 2016 that the Commonwealth had withheld in violation of Brady v Maryland, 373 U.S. 83 (1963), which supports a conclusion that Lane's recantation affidavit is credible.   Although Petitioner states that he is relying exclusively on Rule 60(b)(6), he also argues that the Commonwealth engaged in fraud by failing to disclose this Brady material to the court on habeas review, and we interpret this argument as one under Rule 60(b)(3).[3]   Accordingly, we will consider Petitioner's Motion to raise claims under both Rule 60(b)(6) and Rule 60(b)(3).

### A.   Rule 60(b)(6)

Petitioner maintains that he meets the "extraordinary circumstances" requirement inherent in Rule 60(b)(6) because the Commonwealth's failure to disclose Brady evidence resulted in a fundamentally unfair merits decision regarding Homer Lane's recantation affidavit on habeas review.   Doe, 810 F.3d at 152 (quotation omitted).   The Commonwealth argues in its opposition to the Rule 60(b) Motion that the Motion is an unauthorized second or successive habeas petition.

---

[3] We construe Petitioner's argument in this regard to be an argument under Rule 60(b)(3), not Rule 60(b)(6), because the argument clearly falls within the parameters of Rule 60(b)(3) and Rule 60(b)(6) only permits relief for "any other reason that justifies relief." Kemp v. United States, No. 21-5726, 2022 WL 2111354, at *4 (U.S. June 13, 2022) (explaining that Rule 60(b)(6)'s "catchall for 'any other reason that justifies relief' . . . is available only when Rules 60(b)(1) through (b)(5) are inapplicable" (citation omitted)).

Our 1993 determination on habeas review that the state court did not violate Petitioner's due process rights by refusing to consider Lane's affidavit was a merits determination, i.e., a determination that Petitioner's due process claim was not a "ground[] entitling . . . [P]etitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."   Gonzalez, 545 U.S. at 532 n.4.   By now asking us to reopen his habeas petition and permit him to reargue that his due process rights were violated, relying on Brady evidence that was not available at the time that we issued our 1993 Order, Petitioner is seeking to revisit our merits determination.   As noted above, the Supreme Court has unequivocally stated that "a Rule 60(b) motion that seeks to revisit a federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition."   Id. at 534 (emphasis omitted).   It has likewise made clear that a Rule 60(b) motion that "seek[s] leave to present 'newly discovered evidence,'. . . in support of a claim [for relief from a judgment of conviction] previously denied," must be treated as a successive habeas petition because it "is in substance, a successive habeas petition."   Id. at 531 (citations omitted) (quoting Fed. R. Civ. P. 60(b)(2)).   Based on this authority, to the extent that Petitioner asks that we revisit our merits determination by considering new, previously undisclosed Brady evidence in support of his 1992 due process claim, we must construe his Rule 60(b) Motion as a successive habeas petition for which he must first get approval from the Third Circuit.

Petitioner appears to contend that recent Third Circuit caselaw supports a contrary conclusion, that is, that Rule 60(b)(6) permits us to reopen his proceedings and consider the new evidence and Brady claims that he proffers.   Petitioner points to the Third Circuit's recent decisions in Bracey v. Superintendant Rockview SCI, 986 F.3d 274 (3d Cir. 2021), and Howell v. Superintendent of Albion, 978 F.3d 54 (3d Cir. 2020), two cases in which the Third Circuit reversed the district court's denial of Rule 60(b) motions and remanded with instructions that the

district court consider new relevant decisional law and/or new evidence.   <u>Bracey</u>, 986 F.3d at 280-281, 297-98; <u>Howell</u>, 978 F.3d at 55, 58.   However, unlike the instant case, both <u>Bracey</u> and <u>Howell</u> involved Rule 60(b) motions that challenged orders that dismissed habeas petitions on procedural grounds.   <u>See</u> <u>Bracey</u>, 986 F.3d at 280 (stating that Rule 60(b) motion "contend[ed] that . . . the District Court had erred in dismissing his petition [as untimely] under § 2244(d)(1)(D)"); <u>Howell</u>, 978 F.3d at 55 (stating that Rule 60(b) motion sought "to set aside the District Courts dismissal of his untimely habeas petition").   As the Supreme Court has made clear, a Rule 60(b) motion is not a successive habeas petition when it attack "a previous ruling which precluded a merits decision," such as a denial based on procedural default.   <u>Gonzalez</u>, 545 U.S. at 532 n.4.   Thus, the fact that the Third Circuit ordered the district courts in <u>Bracey</u> and <u>Howell</u> to consider the merits of the petitioners' Rule 60(b) motions on remand does not undermine our conclusion that, to the extent that Petitioner's Rule 60(b) Motion challenges our merits-based decision on his due process claim, it is a successive petition for which he first needs to get Third Circuit approval.   Accordingly, we dismiss Petitioner's Rule 60(b) Motion as an unauthorized successive petition to the extent that it relies on Rule 60(b)(6) and challenges our merits-based decision.

**B.   Rule 60(b)(3)**

We also understand Petitioner to be making an argument under Rule 60(b)(3).   After being confronted with the Commonwealth's argument that his Motion is a successive habeas petition, Petitioner responded by asserting that his Motion is a true Rule 60(b) Motion because it contends that our habeas proceedings were tainted by the Commonwealth's misconduct in failing to disclose exculpatory evidence that was critical to our assessment of Lane's credibility and, thus, the Motion

asserts a "defect in the integrity of the federal habeas proceedings."[4]   <u>Gonzalez</u>, 545 U.S. at 532. As noted above, the Supreme Court has stated that we may consider on the merits a Rule 60(b) motion that asserts a "defect in the integrity of the federal habeas proceedings," such as "[f]raud on the federal habeas court."[5]   <u>Id.</u> at 532 & n.5.   Based on that authority, we consider Petitioner's Rule 60(b)(3) claim that he should be relieved from our 1993 judgment based on "fraud . . . , misrepresentation, or misconduct by an opposing party" as a true Rule 60(b) claim that need not be construed as a successive habeas petition.   Fed. R. Civ. P. 60(b)(3).

As noted above, a Motion pursuant to Rule 60(b)(3) is subject to a "specific 1-year deadline" and thus, must be filed "no more than a year after the entry of the judgment or order or

---

[4] We are skeptical of Petitioner's belated reframing of his Motion as one seeking something other than habeas relief.   As even Petitioner acknowledges, he has filed with the Third Circuit two applications pursuant to 28 U.S.C. § 2244(b)(3)(A) that asked for leave to file successive habeas petitions based on the Commonwealth's withholding of the exact same <u>Brady</u> material on which he bases his claims here.   (<u>See</u> Rule 60(b) Mot., Docket No. 22, at 9 of 42.) By filing these applications, he necessarily acknowledged that his requests that the court consider the undisclosed <u>Brady</u> material were requests for relief from his state court judgment of conviction. Accordingly, it is difficult to credit his contention that he is now asserting only that the failure to disclose <u>Brady</u> material undermined the integrity of our habeas proceeding, such that his Rule 60 Motion is not a successive habeas petition.   However, in light of Petitioner's pro se status and our obligation to construe pro se submissions liberally, we will accept his characterization of his claim in this regard.   <u>Bracey</u>, 986 F.3d at 296 (requiring liberal construction of pro se Rule 60(b) motion (citation omitted)); <u>see also</u> <u>U.S. ex rel. Montgomery v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969) (stating that pro se habeas petitions "may be inartfully drawn and should therefore be read with a measure of tolerance" (quotation omitted)).

[5] At the same time, the Supreme Court stated in <u>Gonzalez</u> that a Rule 60(b) motion "creates no inconsistency with the habeas statute or rules" only in circumstances in which "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction."   545 U.S. at 533.   In the instant case, as detailed above, our federal judgment substantively addressed the federal grounds for setting aside Petitioner's state conviction.   Thus, it is at least arguable that Petitioner's claim that there was a "defect in the integrity of the habeas proceedings" still "creates [an] inconsistency with the habeas statute or rules" and thus, should be considered a successive habeas claim.   <u>Id.</u>   However, because we ultimately conclude that the Rule 60(b)(3) claim is untimely, we do not resolve this lingering uncertainty about its successiveness.

the date of the proceeding." <u>Gonzalez</u>, 545 U.S. at 535; Fed. R. Civ. P. 60(c)(1).   Here, Petitioner filed his Rule 60(b) Motion more than twenty-eight years after our denial of his habeas petition. There can therefore be no question that his Rule 60(b) Motion is untimely to the extent that it relies on Rule 60(b)(3).   <u>See</u> Fed. R. Civ. P. 60(c)(1); <u>cf.</u> <u>Kemp v. United States</u>, No. 21-5726, 2022 WL 2111354, at *3, *7 (U.S. June 13, 2022) (affirming decision that Rule 60(b)(1) motion filed "almost two years" after entry of order denying habeas petition was untimely under Rule 60(c)(1)). Accordingly, we dismiss the Rule 60(b) Motion as untimely to the extent that it asserts a defect in our habeas proceedings and may be construed as something other than a successive habeas petition.

## IV.   CONCLUSION

For the foregoing reasons, we dismiss Petitioner's Rule 60(b) Motion as a successive habeas petition to the extent that it relies on Rule 60(b)(6) and dismiss it as untimely to the extent that it relies on Rule 60(b)(3).[6]   An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

[6] Petitioner has also filed a Motion for Discovery and a Motion to Expand the Record. Because we dismiss Petitioner's Rule 60(b) Motion as an unauthorized successive habeas petition and as untimely, we dismiss as moot these two motions.